OPINION.AND ORDER
Defendant/Appellant Eugene Longee filed a timely appeal of a bench trial verdict finding him guilty of Aggravated Assault in violation of Fort Peck Tribes Comprehensive Code of Justice, (“CCOJ”), Title VII Section 230, Honorable Judge Dana Runsabove presiding. Trial was held on October 16, 2012. Defendant was sentenced by Honorable Judge Leland Spotted Bird on October 18, 2012. The sentence of one year in jail was stayed pending appeal. Briefing was concluded and oral argument was conducted on April 5, 2013.
There are three issues raised by Appellant on appeal:
1. Two key witnesses for Defendant/Appellant were not summoned to Court.
2. Defendant/Appellant was sentenced by a different Judge than the presiding trial judge.
3. The elements of Aggravated Assault were not met.
Regarding the first issue of summons for witnesses, CCOJ Title VI, Section 502 of the Criminal Code provides that “(a) upon request of the Defendant or upon the Court’s own initiative, the Court shall issue subpoenas to compel the testimony of witnesses ...” It is the duty of the Defendant to request the issuance of subpoenas for witnesses for the defense. The general pre-trial procedures would cover the subpoenas required for both prosecutor and defense as to witnesses. Here, the trial was continued at the request of the Defendant/Appellant’s counsel due to Defendant/Appellant’s witnesses not being served. (Motion to Continue, filed, *46 May 14, 2012). Trial was rescheduled to October 16, 2012. We find that the Court properly proceeded with trial.
Regarding the issue of the sentencing of Defendant/Appellant by Judge Spotted Bird, we agree with the Defendant/Appellant that sentencing should have been continued for the Trial Judge. Here, the sentencing was not an imminent matter which required immediate deposition. Although we find no abuse of discretion here, it is proper that sentencing be done by the Trial Judge, if possible. Since the sentence imposed by Judge Spotted Bird was stayed, it is appropriate that the matter of sentencing be remanded to the Trial Court for review, and/or resentencing as deemed appropriate under the circumstances.
Finally, the matter of evidence sufficient for conviction is raised by Defendant/Appellant. We will not set aside factual determinations of the Tribal Court if such determinations are supported by substantial evidence, CCOJ Title II, Section 202. Here the Trial Court found sufficient substantial evidence to support a guilty verdict from the victim’s testimony. That testimony was sufficient to support the finding and conclusion of the Trial Court.
Therefore,
IT IS HEREBY ORDERED as follows,
1. The judgment of the Trial Court is affirmed.
2. The sentencing of the Defendant/Appellant is remanded to the Trial Court for review and/or modification, as the Court deems appropriate.